2090

Michielle HUNLEY, Appellant v. John GIBSON, Jr., Respondent.

(437 S.E. (2d) 554)

Court of Appeals

*Thomas K. Fowler, Jr.*, Columbia, *for appellant.*

*Robert A. McKenzie* of *McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondent.*

Heard Oct. 4, 1993.

Decided Nov. 8, 1993. Reh. Den. Dec. 15, 1993.

BELL, Judge:

This is an action in negligence. Michielle Hunley sued John Gibson for injuries she sustained when the vehicle in which she was a passenger was struck by an automobile driven by Gibson. The circuit court granted a directed verdict in favor of Gibson. Hunley appeals. We reverse and remand.

The dispositive facts are uncontroverted. Hunley was a passenger in an automobile driven by her mother. The automobile was stopped in the far left lane of Leesburg Road in

Columbia, South Carolina, waiting to make a left turn. Gibson was travelling towards Hunley's car in the same lane of traffic. Gibson did not want to turn left, so he attempted to change to the lane at his immediate right. Gibson put on his right turn signal but was prevented from changing lanes by a van travelling in that lane which sped up so that Gibson was unable to move over. The van then slowed and again Gibson tried to change lanes. The van sped up again, however, and when Gibson crossed into the next lane, the van hit Gibson's car, which in turn hit the car occupied by Hunley.

Gibson moved for a directed verdict, arguing there was no evidence of any actionable negligence on his part.

Gibson argues the evidence shows he gave a proper signal and had enough room to change lanes, but that when he tried to change lanes, the van sped up and struck him.

In ruling on a motion for a directed verdict, the court must view the evidence and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Johnson v. Phillips*, — S.C. —, —, 433 S.E. (2d) 895 (Ct. App. 1993). If the evidence is susceptible of more than one reasonable inference, the court may not grant a directed verdict. *Id.*

Viewed in the light most favorable to Hunley, the evidence supports a reasonable inference that Gibson could have and should have stopped instead of attempting to change lanes. *See* S.C. Code § 56-5-2150 (1991) (no person shall move right or left on roadway unless such movement can be made with safety); *Seitz v. Hammond*, 265 F. Supp. 162 (D.S.C. 1967) (common law rules of the road require operator of vehicle to have it under proper control so as to be able to stop in order to avoid colliding with other vehicles on highway). Thus, the trial court erred in granting a directed verdict for Gibson. The judgment is reversed and the case is remanded for trial.

Reversed and remanded.

SHAW and CONNOR, JJ., concur.